61 F.3d 904
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Ronald COLLINS, Defendant/Appellant.
 No. 94-5921.
 United States Court of Appeals, Sixth Circuit.
 July 25, 1995.
 
 Before: NELSON and DAUGHTREY, Circuit Judges, and HILLMAN, District Judge*:
 PER CURIAM.
 
 
 1
 Appellant Ronald Collins was found guilty of three counts of armed bank robbery in violation of 18 U.S.C. Sec. 2113(a) & (d) and aiding and abetting in violation of 18 U.S.C. Sec. 2. In addition, he was found guilty of three related counts of using a firearm during and in relation to a crime of violence in violation of 18 U.S.C. Sec. 924(c). He was sentenced to 627 months in prison. Appellant challenges both his conviction and sentence. For the reasons stated below, the judgment of the district court is AFFIRMED.
 
 I.
 
 2
 On the evening of December 3, 1992, appellant was observed changing dye-stained $10 bills in a bill-changing machine at a laundromat in Memphis, Tennessee. Police determined the bills had been stolen from the First American Bank. On December 9, 1992, Appellant was arrested at his residence in Memphis. A chrome-plated pistol of the type used in several area bank robberies was found in appellant's bedroom. A black T-shirt with a "Champion" emblem on the front, identical to the shirt worn by the perpetrator of a recent Union Planters Bank robbery, was also found in the bedroom.
 
 
 3
 On the morning of December 10, 1992, police officers questioned appellant regarding several bank robberies. The officers advised appellant of his Miranda rights. They also told him that under state law, aggravated robbery carried a prison sentence of eight to thirty years, and that a first offender might serve less than five. Subsequently, appellant signed written confessions for a robbery of First American Bank[1] on October 23, 1992, and a robbery of First Tennessee Bank on November 6, 1992.
 
 
 4
 On December 11, 1992, appellant was again brought to the police station for questioning. After being advised of his Miranda rights, he signed written confessions for a robbery of Union Planters National Bank on August 21, 1992, and a robbery of First American Bank on November 27, 1992.
 
 
 5
 On December 23, 1992, appellant was brought to the police station at his own request. He then provided additional information regarding the First American Bank robbery on November 27, 1992, and the First Tennessee Bank robbery on November 6, 1992.
 
 
 6
 Following the decision to prosecute the case in federal rather than state court, and prior to trial, appellant moved to exclude his confessions as involuntary. At a hearing before a magistrate judge, appellant testified he cooperated because police promised if he did: (1) he would serve less than five years; and (2) his case would not be prosecuted in federal court. He also denied signing the confessions. In his Report and Recommendation ("R&R"), the magistrate judge made a specific finding that the police did not make any promises to the appellant, but only gave him accurate information regarding prison sentences under state law. In applying the three factor test for involuntariness from McCall v. Dutton, 863 F.2d 454, 459 (6th Cir. 1988), cert. denied, 490 U.S. 1020 (1989) (involuntariness requires: (1) objectively coercive police activity; (2) which is sufficient to overbear the will of the accused; and (3) which results in the accused's will being overborne), the magistrate judge recommended that appellant's motion be denied. The district court adopted the R&R.
 
 
 7
 Thereafter, appellant was convicted by a jury, and sentenced by the court to a 627-month of imprisonment. Appellant claims the confessions he made while in police custody were involuntary, and that it was error to admit them at trial. He further claims that without the confessions there was insufficient evidence of his guilt. With regard to the sentence, appellant asserts he is entitled to a two-point reduction for acceptance of responsibility. And, finally, he claims the sentence violates the Eighth Amendment.
 
 II.
 
 8
 Relying on Williams v. Withrow, 944 F.2d 284 (6th Cir. 1991), aff'd in part and rev'd in part, 113 S. Ct. 1745 (1993), appellant claims his confessions were coerced.[2] He contends that promising a short sentence for a confession, while threatening a lengthy sentence for a conviction, satisfies the requirements of McCall. Therefore, according to the appellant, the confessions should not have been admitted at trial.
 
 
 9
 The district court, in adopting the R&R, found that no promise had been made to appellant. We review the factual findings of a district court on a motion to suppress evidence under a clearly erroneous standard. United States v. Dotson, 49 F.3d 227 (6th Cir. 1995). Appellant has not demonstrated that the district court's finding was clearly erroneous. Further, without more, it is not objectively coercive simply to advise a suspect of his or her likely sentence range if convicted. Since the appellant's confessions were found to be voluntary, no error was committed in admitting them at trial.
 
 
 10
 Appellant also claims insufficient evidence was offered of his guilt. However, it is undenied that found in defendant's bedroom were a chrome-plated pistol of the type used in all the bank robberies, as well as a black T-shirt with a "Champion" emblem on the front, identical to the shirt worn in the Union Planters National Bank robbery. Appellant was also observed changing dye-stained bills that had been stolen from the First American Bank. Reviewing the evidence most favorable to the prosecution, sufficient evidence existed for a rational trier of fact to find guilt beyond a reasonable doubt.
 
 III.
 
 11
 Appellant contests two aspects of his sentence. First, he claims he is entitled to a two-point reduction for acceptance of responsibility. Second, appellant claims his sentence violates the Eighth Amendment.
 
 
 12
 The two-point reduction authorized in U.S.S.G. Sec. 3E1.1 is given to defendants who clearly demonstrate they have accepted responsibility for their offense. Here, appellant recanted his confessions and forced the government to prove guilt. The trial court was not clearly erroneous in denying the reduction.
 
 
 13
 Finally, appellant claims his sentence of 627 months (52 years and 3 months) constitutes cruel and unusual punishment in violation of the Eighth Amendment. It is well established that the Eighth Amendment is "offended only by an extreme disparity between crime and sentence." United States v. Hopper, 941 F.2d 419, 422 (6th Cir. 1991) (interpreting Harmelin v. Michigan, 111 S. Ct. 2680 (1991)). The majority of appellant's sentence stems from his brandishing a chrome-plated pistol during three armed bank robberies in violation of 18 U.S.C. Sec. 924(c). This statute prescribes a five-year prison term for the first offense and twenty-year terms for each subsequent offense. The Supreme Court recently upheld a 105-year sentence for six bank robberies under section 924(c). Deal v. United States, 113 S. Ct. 1993 (1993). Here, since no extreme disparity exists between appellant's crimes and his sentence, we conclude that his sentence was not in violation of the Eighth Amendment.
 
 IV.
 
 14
 For the foregoing reasons, we AFFIRM appellant's conviction and sentence.
 
 
 
 *
 The Honorable Douglas W. Hillman, United States District Judge for the Western District of Michigan, sitting by designation
 
 
 [1]
 Appellant was indicted for this robbery in a separate case
 
 
 [2]
 The portion of Williams upon which appellant relies has been reversed by the Supreme Court. Withrow v. Williams, 113 S. Ct. 1745, 1755-1756 (1993)