**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ronald T. BOLDEN, Defendant–
Appellant.**

**No. 00–5197.**

United States Court of Appeals,
Sixth Circuit.

July 25, 2001.

Before SILER and GILMAN, Circuit Judges; and DUGGAN,* District Judge.

PATRICK J. DUGGAN, District Judge.

Defendant–Appellant Ronald T. Bolden ("Bolden") appeals from a final judgment entered on January 27, 2000, following his plea of guilty to one count of conspiracy, three counts of armed bank robbery, and two counts of using a firearm during and in relation to a crime of violence. Bolden was sentenced to a total of 378 months imprisonment, and now challenges that sentence. For the reasons set forth below, the sentence imposed by the district court shall be AFFIRMED.

On April 15, 1999, Bolden pled guilty to Count I (conspiracy to commit armed bank robbery), Count II (armed bank robbery on July 8, 1998), and Count III (using a firearm during and in relation to the July 8, 1998 armed robbery). There was no plea agreement with the Government with respect to this guilty plea.

On July 15, 1999, pursuant to a Rule 11(e)(a)(B) plea agreement, Bolden entered a plea of guilty to Count IV (armed bank robbery on June 4, 1998), Count VI (armed bank robbery on May 29, 1998), and Count VII (using a firearm during and in relation to the May 29, 1998 armed robbery). Under that plea agreement, the Government agreed to: dismiss Count V (using a firearm during and in relation to the June 4, 1998 armed bank robbery), recommend a sentence of imprisonment at the lowest end of the applicable guideline range, and recommend a three level reduction for acceptance of responsibility.

At Bolden's January 24, 2000 sentencing hearing, Bolden's counsel made two objections with respect to the presentence report, but did not object to the presentence report's adoption of a criminal history category II. Accordingly, the district court noted on the record that it was accepting the factual portion of the presentence report and also the application of the guidelines by the Probation Office. The district court then stated on the record that "the criminal history category of this defendant would be II." Again, Bolden's counsel made no objection to the district court's adoption of a criminal history category II. Bolden was sentenced to 60 months on Count I and 78 months on Counts II, IV, and VI, such sentences to run concurrently. He was also sentenced to 60 months on Count III, consecutive to the sentences imposed on Counts I, II, IV, and VI, and 240 months on Count VII, consecutive to the other sentences imposed.

Bolden filed a timely notice of appeal on February 1, 2000, asserting that the district court erred in adopting a criminal history category II, and that his sentence

* The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation.

of 240 months on Count VII constitutes cruel and unusual punishment.

This Court reviews the district court's legal conclusions *de novo* and the district court's factual findings for clear error. *Franklin County Convention Facilities Auth. v. American Premier Underwriters, Inc.*, 240 F.3d 534 (6th Cir.2001).

## Discussion

### I. *Adoption of Criminal History Category II*

In his appeal, Bolden makes two arguments concerning the criminal history category adopted by the district court. First, he argues that the district court erred both in adopting a criminal history category II, and in not exercising its discretion to adopt a criminal history category I, because a criminal history category II overstates the seriousness of his previous criminal conduct. Bolden also contends that the district court's adoption of a criminal history category II was erroneous because he was never sentenced to a term of imprisonment for his misdemeanor convictions.

 Because Bolden did not object to the district court's adoption of a criminal history category II, our review of this issue is limited to plain error. *United States v. Fountain*, 2 F.3d 656, 669–70 (6th Cir.1993) ("Absent 'plain error,' this Court will not address claims of alleged misapplication of the guidelines unless the defendant first raised the claim before the district court.").

The presentence report, adopted by the district court, indicated that Bolden had previous misdemeanor convictions on November 4, 1997, December 26, 1997, and July 8, 1998. Bolden was not sentenced to a term of imprisonment for any of these misdemeanor convictions. Rather, the sentences imposed for these convictions consisted entirely of fines and court costs.

Unless an exception applies, sentences for misdemeanor offenses are counted. (U.S.S.G § 4A1.2, cmt. background) ("Prior sentences, not otherwise excluded, are to be counted in the criminal history score, including uncounseled misdemeanor sentences where imprisonment was not imposed.").

Section 4A1.1 of the Sentencing Guidelines contains the instructions for computing a defendant's criminal history category. That section instructs to:

(a) Add 3 points for each prior sentence of imprisonment exceeding one year and one month.

(b) Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a).

(c) Add 1 point for each prior sentence not counted in (a) or (b), up to a total of 4 points for this item.

U.S.S.G § 4A1.1. As Bolden's prior convictions did not result in any term of imprisonment, neither (a) nor (b) applied. Therefore, pursuant to § 4A1.1(c), the presentence report added one point for the November 4, 1997 conviction and one point for the December 26, 1997 conviction.[1] Accordingly, Bolden was assigned 2 criminal history points. As a criminal history score of 2 or 3 points establishes a criminal history category II, Bolden was properly assigned a criminal history category II. *See* U.S.S.G. § 5A.

In the absence of plain error, Bolden has waived any other arguments that he might

---

1. No points were added for the July 8, 1998 reckless driving conviction. Under U.S.S.G. § 4A1.2(c)(1), sentences for reckless driving are counted only if (A) the sentence imposed was a term of probation of at least one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense.

have with respect to the district court's adoption of a criminal history category II by failing to raise them at the sentencing hearing. *See United States v. Barajas–Nunez*, 91 F.3d 826, 830 (6th Cir.1996).

## II. *Cruel and Unusual Punishment*

■ Bolden's second claim is that his sentence of 240 months (20 years) on Count VII constitutes cruel and unusual punishment.

■ Unlike the previous issue, it appears that Bolden's counsel did preserve this issue for appeal by objecting to this 20 year sentence before the district court. However, Bolden pled guilty to Count VII pursuant to a Rule 11 plea agreement. That plea agreement contains an express waiver of the right to appeal the sentence imposed by the district court. Furthermore, at the July 15, 1999 Change of Plea Hearing, Bolden stated he understood that under the plea agreement he was giving up his right to an appeal. It is well established that a defendant may waive the right to appeal a sentence in a plea agreement, provided the waiver is knowingly and voluntarily made. *United States v. Fleming*, 239 F.3d 761, 763–64 (6th Cir. 2001). In his briefs, Bolden has not argued that his waiver was made unknowingly or involuntarily. Accordingly, Bolden has waived his right to appeal his sentence of 240 months on Count VII.

■ Furthermore, even if Bolden had not surrendered the right to appeal his sentence on Count VII, his claim would still fail. At the time of Bolden's offenses, the relevant portion of § 924(c)(1) read: "Whoever, during and in relation to any crime of violence ... uses or carries a firearm shall in addition to the punishment provided for such crime of violence ... be sentenced to imprisonment for five years ... In the case of a second or subsequent conviction under this subsection such person shall be sentenced to imprisonment for twenty years ..." 18 U.S.C. § 924(c)(1) (1988 ed. Supp. V).[2] Bolden was sentenced to a term of five years for Count III, use of a firearm during and in relation to a crime of violence on July 8, 1998, in violation of 924(c)(1). Count VII also charged a violation of 924(c)(1), use of a firearm during and in relation to a crime of violence on May 29, 1998. Because Bolden's guilty plea on July 15, 1999, to Count VII constituted a "second or subsequent conviction" of a violation of 924(c)(1), the court was required to sentence Bolden to a term of 20 years for that count.

Bolden argues that because his offenses were committed so close in time they constitute a "single course of conduct" and therefore it was "unduly harsh" to sentence him for a second offense on Count VII. In adopting the factual portion of the presentence report, the district judge found that Bolden brandished a firearm while committing an armed robbery at the Star Bank in Louisville, Kentucky on May 29, 1998, and that he also brandished a firearm while committing another armed robbery at the Fifth Third Bank in Louisville, Kentucky on July 8, 1998. The trial court did not err in finding that the offenses in question, committed on different dates at different banks, were separate offenses. *See United States v. Brady*, 988 F.2d 664 (6th Cir.1993).

Bolden also contends that the sentence imposed on Count VII constitutes cruel and unusual punishment for a violation of 18 U.S.C. § 924(c). This claim is without merit. It is well settled that the Eighth Amendment's prohibition against cruel and

---

**2.** On November 13, 1998, 18 U.S.C. § 924(c) was amended and the penalty for a second or subsequent conviction was increased to 25 years.

unusual punishment is "offended only by an extreme disparity between crime and sentence." *United States v. Hopper*, 941 F.2d 419, 422 (6th Cir.1991). The Court is satisfied that no extreme disparity exists between Bolden's crime and his sentence of 240 months. *See United States v. Collins*, 61 F.3d 904, 1995 WL 441622 (6th Cir.1995)(unpublished table decision); *Deal v. United States*, 508 U.S. 129, 113 S.Ct. 1993, 124 L.Ed.2d 44 (1993). Thus, Bolden's sentence of 240 months on Count VII was not "cruel and unusual punishment."

## Conclusion

For the foregoing reasons, we AFFIRM the sentence imposed by the district court.