**UNITED STATES of america, Plaintiff–Appellee,**

v.

**Pablo SILVA–RODRIGUEZ, also known as Pablo Garcia Rodriguez, Defendant–Appellant.**

No. 01–5649.

United States Court of Appeals, Sixth Circuit.

Feb. 6, 2002.

Before GUY and CLAY, Circuit Judges;
NUGENT, District Judge.*

---

*The Honorable Donald C. Nugent, United
States District Judge for the Northern District
of Ohio, sitting by designation.

## ORDER

Pablo Silva–Rodriguez appeals his judgment of conviction and sentence. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

Silva–Rodriguez pleaded guilty to a charge of aiding and abetting the distribution of 500 or more grams of cocaine, a violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 860. He was sentenced to 100 months of imprisonment to be followed by eight years of supervised release.

In this timely appeal, Silva–Rodriguez's appointed counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Silva–Rodriguez was notified of counsel's motion to withdraw. He has not responded.

We will grant the motion to withdraw, as the motion and the brief submitted reflect that counsel has reviewed the entire record and proceedings. Counsel has submitted the following issue for review: whether the district court abused its discretion by denying a motion for a downward departure based on Silva–Rodriguez's status as a deportable alien, which disqualifies him from participating in an intensive drug and alcohol treatment program that could reduce his sentence. Counsel states this issue, but he also concedes that it lacks merit.

 The record reflects that the district court properly accepted Silva–Rodriguez's valid guilty plea. A plea of guilty is valid if entered knowingly, voluntarily, and intelligently; its validity is determined under the totality of the circumstances.

**350**

*North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *Brady v. United States,* 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The Constitution requires that such circumstances reflect that the defendant be informed of all the direct consequences of his plea. *Brady,* 397 U.S. at 755, 90 S.Ct. 1463. The district court explained to Silva–Rodriguez the rights he was waiving, the statutory maximum sentences involved, and the application of the Sentencing Guidelines. Fed.R.Crim.P. 11(c)(1), (c)(3). Silva–Rodriguez acknowledged his guilt of the crime charged.

▮ Through his plea agreement, Silva–Rodriguez waived his right to appeal his sentence, so long as it did not exceed the statutory maximum penalty. Silva–Rodriguez's sentence did not exceed the statutory maximum; thus, any appeal of his sentence was waived. A waiver provision in a plea agreement is binding so long as it is made knowingly and voluntarily. *See Hunter v. United States,* 160 F.3d 1109, 1113 (6th Cir.1998); *United States v. Ashe,* 47 F.3d 770, 775–76 (6th Cir.1995). Nothing suggests that Silva–Rodriguez's assent to this provision was unknowing or involuntary; therefore, the agreement of the parties regarding this provision will not be disturbed. *United States v. Fleming,* 239 F.3d 761, 764 (6th Cir.2001).

Lastly, we have reviewed the record and conclude that no other nonfrivolous issue exists. Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment of conviction and sentence. Rule 34(j)(2)(C), Rules of the Sixth Circuit.