**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Craig Patrick SCANLON, Defendant–Appellant.**

No. 02–3083.

United States Court of Appeals, Sixth Circuit.

Sept. 16, 2002.

Before BOGGS and COLE, Circuit Judges; BATTANI, District Judge.[*]

*ORDER*

Craig Patrick Scanlon appeals a district court's judgment of conviction and sentence. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

Scanlon pleaded guilty to an indictment charging him with twelve counts of mail fraud and aiding and abetting, eight counts of money laundering and aiding and abetting, and two counts of interstate transportation of stolen property. He was sentenced to forty-six months of incarceration to be followed by three years of supervised release. He was also ordered to pay over $1,200,000 in restitution to the victims of his schemes.

In this timely appeal, Scanlon's appointed counsel has filed a motion to withdraw (att.3) and a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Scanlon was served with the brief and the motion. *See* Rule 101(f), Sixth Circuit Supplemental Procedural Rules. Although he was granted an extension of time to respond to the motion to withdraw, Scanlon has not responded.

The motion to withdraw should be granted as it reflects that counsel has reviewed the entire record and proceedings and has submitted the following issues for review: (1) whether Scanlon's conviction was entered in conformity with the Federal Rules of Criminal Procedure, and (2) whether defense counsel was ineffective at sentencing. Counsel asserts these issues, but recognizes that each lacks merit.

In a pro se letter to the district court, Scanlon contended that defense counsel was ineffective: (1) in failing to negotiate a better deal in exchange for his plea, and (2) in not objecting to statements by the prosecutor regarding his concealment of stolen money. Scanlon did not claim that a better offer for his plea was available, but essentially opined that "everything is negotiable." He also did not state any grounds for objecting to the prosecutor's statements or how registered objections might have had an effect on his sentence.

Moreover, Scanlon has not iterated his claims in this court. In the *Anders* brief, counsel reviewed the merits and stated that no evidence of prejudice existed in the record.

In addition, we note that the ineffectiveness claim is not ripe for review. "As a general rule, a defendant may not raise ineffective assistance of counsel claims for the first time on direct appeal, since there has not been an opportunity to develop and include in the record evidence bearing on the merits of the allegations." *United*

*States v. Wunder,* 919 F.2d 34, 37 (6th Cir.1990). The instant record contains no evidence concerning what concession, if any, the government might have been willing to grant if counsel had bargained harder. In addition, the sentence Scanlon received is within the range that was envisioned in the detailed plea agreement. If there is evidence that Scanlon had some other legitimate expectation regarding his sentence, the record does not contain it. Accordingly, we decline review at this stage.

The record reflects that the district court properly accepted Scanlon's valid guilty plea A plea of guilty is valid if entered knowingly, voluntarily, and intelligently; its validity is determined under the totality of the circumstances. *North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *Brady v. United States,* 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The Constitution requires that such circumstances reflect that the defendant be informed of all the direct consequences of his plea. *Brady,* 397 U.S. at 755. The court explained to Scanlon the rights he was waiving, the statutory maximum sentences involved, and the application of the Sentencing Guidelines. Fed.R.Crim.P. 11(c)(1), (c)(3). Scanlon acknowledged the facts underlying his conduct and his guilt of the crime charged.

The district court also properly sentenced Scanlon. Over the government's objection, the court granted Scanlon a three-point reduction in offense level for acceptance of responsibility. With the reduction, Scanlon's offense level and criminal history category amounted to the exact factors anticipated in the plea agreement.

In his plea agreement, Scanlon agreed to a conditional waiver of his right to appeal his sentence, and none of the conditions subsequent for taking an appeal

came to pass. He otherwise reserved his right to raise issues of ineffective assistance of counsel. As noted above, the claim reserved from the waiver is not reviewable on the instant record.

A waiver provision in a plea agreement is binding so long as it is made knowingly and voluntarily. *Hunter v. United States,* 160 F.3d 1109, 1113 (6th Cir.1998); *United States v. Ashe,* 47 F.3d 770, 775–76 (6th Cir.1995). Nothing suggests that Scanlon's assent to the waiver provision was unknowing or involuntary. Therefore, the agreement of the parties regarding this provision will not be disturbed. *United States v. Fleming,* 239 F.3d 761, 764 (6th Cir.2001).

Finally, we have reviewed the record and conclude that no other nonfrivolous issue exists. Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment of conviction and sentence. Rule 34(j)(2)(C), Rules of the Sixth Circuit.