**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Charles SLEDGE, Defendant–**
**Appellant.**

**No. 02–1218.**

United States Court of Appeals,
Sixth Circuit.

Sept. 23, 2002.

Before DAUGHTREY, GILMAN, and

GIBSON,* Circuit Judges.

Charles Sledge appeals his judgment of conviction and sentence. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

Sledge pleaded guilty to a charge of aiding and abetting interstate travel in furtherance of a racketeering enterprise, a violation of 18 U.S.C. §§ 2, 1952. He was sentenced to twenty-seven months of imprisonment to be followed by three years of supervised release.

In this timely appeal, Sledge's appointed counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Sledge was notified of counsel's motion to withdraw, but he has filed no response.

The motion to withdraw will be granted as it reflects that counsel has reviewed the entire record and proceedings and has submitted the following issues for review: (1) whether Sledge's guilty plea was entered in conformity with Fed.R.Crim.P. 11, and (2) whether Sledge was properly sentenced. Counsel states these issues but also concedes that they lack merit.

The record reflects that the district court properly accepted Sledge's valid guilty plea. A plea of guilty is valid if entered knowingly, voluntarily, and intelligently; its validity is determined under the totality of the circumstances. *North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *Brady v. United States,* 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The Constitution requires that such circumstances reflect that the defendant be informed of all

the direct consequences of his plea. *Brady,* 397 U.S. at 755, 90 S.Ct. 1463. The district court explained to Sledge the constitutional rights he was waiving and the statutory maximum sentence he faced. The written plea demonstrates that Sledge understood that the Sentencing Guidelines would apply to his case, and the court explained that no specific sentence was guaranteed by the plea agreement. Fed. R.Crim.P. 11(c)(1), (c)(3), (c)(6). Sledge acknowledged his guilt of the crime charged.

Our review of the record reveals no colorable sentencing issue. Through the written plea agreement, Sledge waived his right to appeal the constitutionality and legality of the sentencing guidelines. He also agreed not to appeal or otherwise challenge any of the stipulated factors regarding his sentence. The plea agreement anticipated that Sledge faced a maximum guideline sentence of 27 months of imprisonment, and that is the sentence he received.

A waiver provision in a plea agreement is binding so long as it is made knowingly and voluntarily. *See Hunter v. United States,* 160 F.3d 1109, 1113 (6th Cir.1998); *United States v. Ashe,* 47 F.3d 770, 775–76 (6th Cir.1995). Nothing suggests that Sledge's assent to this provision was unknowing or involuntary. Although the district court—at the conclusion of the sentencing hearing—erroneously advised Sledge that he retained an unfettered right to appeal his sentence, the agreement of the parties regarding this provision should not be disturbed. *United States v. Fleming,* 239 F.3d 761, 764 (6th Cir.2001).

Accordingly, we grant counsel's motion to withdraw and affirm the district court's

---

* The Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by designation.

judgment of conviction and sentence. Rule 34(j)(2)(C), Rules of the Sixth Circuit.