**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Donald K. RAY, Defendant–Appellant.**

No. 02–3129.

United States Court of Appeals,
Sixth Circuit.

Dec. 26, 2002.

Before BATCHELDER and MOORE, Circuit Judges; and FORESTER, Chief District Judge.*

*ORDER*

Donald K. Ray appeals his conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

A grand jury charged Ray with narcotics-related offenses in a multi-count superseding indictment. On October 22,

* The Honorable Karl S. Forester, United States Chief District Judge for the Eastern District of Kentucky, sitting by designation.

2001, Ray pleaded guilty pursuant to a written plea agreement to one count of possessing 16 grams of crack cocaine, in violation of 21 U.S.C. § 844(a). As part of the plea bargain, Ray agreed to cooperate in exchange for the dismissal of the other counts. He also waived his right to appeal, except to raise claims that the sentence exceeded the statutory maximum, that the sentence was an upward departure from the guidelines range, or that counsel rendered ineffective assistance. The parties agreed that Ray's total offense level would be 23 and estimated that his criminal history category would be III, resulting in a guidelines range of imprisonment of 53 to 71 months. The probation officer, however, in preparing the presentence investigation report concluded that Ray's criminal history category was IV and that the guidelines range was 70 to 87 months. On January 17, 2002, the district court sentenced Ray near the bottom of the range to 72 months in prison, to be served concurrently with a recently imposed state sentence. The district court notified Ray of his right to appeal.

Ray's court-appointed counsel has filed an appellate brief with this court and also a motion to withdraw pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After a review of the entire record, counsel was of the opinion that there were no meritorious grounds for appeal, but nonetheless raised the issues of whether the district court restored Ray's appellate rights, whether the sentence was an upward departure in breach of the agreement, and whether trial counsel rendered ineffective assistance by failing to properly advise Ray of the law regarding double jeopardy and by failing to object to the higher sentencing range. Ray has filed a response, asserting that trial counsel rendered ineffective assistance by not preparing an adequate defense and by erroneously advising him that he faced a life sentence if he did not plead guilty.

Upon review, we grant counsel's motion to withdraw because counsel has filed an acceptable *Anders* brief that raises the only issues deemed to be arguable.

■ First, the district court did not restore Ray's appellate rights by advising him of his right to appeal. A waiver provision in a plea agreement is binding so long as it is made knowingly and voluntarily. *Hunter v. United States,* 160 F.3d 1109, 1113 (6th Cir.1998); *United States v. Ashe,* 47 F.3d 770, 775–76 (6th Cir.1995). Nothing in the district court record suggests that Ray's assent to the waiver provision was unknowing or involuntary, and the district court's comment to Ray that he "had a right to take an appeal" does not invalidate the provision. *United States v. Fleming,* 239 F.3d 761, 764 (6th Cir.2001).

■ Second, Ray's sentence was not an upward departure in breach of the plea agreement. Review of the plea agreement clearly shows that the government did not promise that Ray's maximum prison sentence would be 71 months. Instead, the plea agreement notified Ray that the statutory maximum was 20 years and that sentencing was within the discretion of the court. Although the parties agreed that Ray's total offense level was 23, determination of Ray's criminal history was delegated to the probation department. The agreement merely noted that "[t]he parties believe that the criminal history is III" and that "[t]he sentencing range for Level 23 criminal history III is 57–71 months." Because the agreement did not establish a sentencing range and because Ray's sentence fell within range of 70 to 87 months as properly determined by the probation officer, the district court neither breached the plea agreement, nor departed upward from the applicable sentencing guidelines range by imposing a 72 month prison term.

Finally, we decline to consider the various claims of ineffective assistance of counsel. Claims of ineffective assistance are disfavored on direct appeal and are more appropriately brought by filing a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence so that an adequate record may be developed. *United States v. Carr*, 5 F.3d 986, 993 (6th Cir.1993). At present, the record is insufficient to review the claims.

Accordingly, counsel's motion to withdraw is granted, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.