*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2001 FED App. 0036P (6th Cir.)
File Name: 01a0036p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

    *v.*

DONELLE FLEMING,
    *Defendant-Appellant.*

No. 99-5510

Appeal from the United States District Court
for the Western District of Kentucky at Louisville.
No. 98-00115—Charles R. Simpson III,
Chief District Judge.

Argued: September 21, 2000

Decided and Filed: February 5, 2001

Before: BATCHELDER, COLE, and GIBSON, Circuit
Judges.*

_____

*The Honorable John R. Gibson, Circuit Judge of the United States
Court of Appeals for the Eighth Circuit, sitting by designation.

1

---

**COUNSEL**

---

**ARGUED:** Richard J. Head, Louisville, Kentucky, for Appellant. Marisa J. Ford, ASSISTANT UNITED STATES ATTORNEY, Louisville, Kentucky, for Appellee. **ON BRIEF:** Richard J. Head, Louisville, Kentucky, for Appellant. Marisa J. Ford, Terry M. Cushing, ASSISTANT UNITED STATES ATTORNEYS, Louisville, Kentucky, for Appellee.

---

**OPINION**

---

ALICE M. BATCHELDER, Circuit Judge. The Petitioner, Donelle Fleming, seeks review of his conviction, claiming that although he had waived his right to appeal pursuant to a valid plea agreement, during the sentencing proceeding the district court restored his right to appeal. Fleming also claims that the Hobbs Act, as applied to him, is an unconstitutional extension of congressional authority. Because we hold that a sentencing court cannot unilaterally restore a right to appeal that has been waived by the defendant pursuant to a valid plea agreement, we will dismiss the appeal.

**I.**

Donelle Fleming was charged by Information with armed bank robbery in violation of 18 U.S.C. § 2113, three Hobbs Act violations arising from armed robberies in violation of 18 U.S.C. § 1951, and four counts of using a firearm in the commission of a crime of violence in violation of 18 U.S.C. § 924(c). Fleming entered into a written Rule 11 plea agreement, in which he agreed to plead guilty to a six-count Superceding Information including charges of bank robbery; using a sawed-off shotgun during a bank robbery; and three other robberies charged as Hobbs Act violations. By entering into the plea agreement and agreeing to cooperate with the

government, Fleming was able to escape prosecution for three of the four firearm violations. The agreement included a provision whereby Fleming explicitly agreed to waive his right to appeal:

> 18. Defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, defendant knowingly waives the right to appeal any sentence within the maximum provided in the statutes of conviction and the manner in which that sentence was determined on the grounds set forth in 18 U.S.C. § 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement. Defendant also waives his right to challenge his sentence and the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255.

The agreement also contained a specific recitation that the plea agreement as set forth was the only agreement between the defendant and the government and that it could not be modified other than in a writing signed by all parties or on record in Court.

During the plea colloquy, the court addressed the defendant:

> Q. [THE COURT]: Do you understand . . ., Mr. Fleming, that you would have a right to appeal a sentence that you [sic] might impose here, but if I accept this plea agreement, you would be waiving any right you may have to appeal the sentence?
> A. [DEFENDANT]: Yes, Your Honor.

The court later reminded the defendant:

> Q: Now, as I said, there's a right to appeal here and the Government has the right to appeal any sentence that I might impose. You, on the other hand, have given up your right to appeal any sentence that I might impose, even

though you don't know what the sentence is going to be. Do you understand that?
A:  Yes, Your Honor.

At the close of the plea hearing, after finding that Fleming's guilty pleas had been knowingly and voluntarily entered, the court accepted the pleas.

The court sentenced Fleming to a total of 228 months, in conformity with the plea agreement, the government's recommendation and the sentencing guidelines.  At the sentencing, the judge did not remind the defendant of the waiver component of his plea agreement.  Instead, he recited the boilerplate notice regarding a defendant's right to appeal as required by Federal Rule of Criminal Procedure 32(c)(5) stating:

Mr. Fleming, you do have the right to appeal this matter to the United States Court of Appeals for the 6th Circuit.  If you wish, that Court will determine if there's been any error made in this matter.

The court then explained the relevant deadline for filing an appeal and observed, "And the Appeals Court will throw your appeal out probably."

Fleming filed his appeal immediately after sentencing, claiming that the judge's statement at sentencing had restored his previously waived appellate rights, and that the Hobbs Act is an unconstitutional extension of Congress' power to regulate interstate commerce.  The government moved to dismiss the appeal and we denied the motion, directing the parties to address in their appellate briefs the question of Fleming's waiver of his right to appeal.

## II.

The issue of whether the court's concluding admonition regarding the right to appeal controls over Fleming's prior written waiver is one of law.  We therefore review the claim

as to the status of his appellate rights suffers a significantly lesser injury than one who should be notified of his right to appeal but is not and consequently forfeits his appellate rights.  A defendant who receives an extraneous notification suffers, at most, the dashing of a momentary sense of false hope.  In assessing the gravity of this injury, we consider the fact that the same defendant, typically with the assistance of counsel, has evaluated the potential penalties under a plea agreement as compared to his prospects at trial, and knowingly and voluntarily pled guilty to a criminal offense.  Any confusion in regard to appellate rights after sentencing is easily clarified by defense counsel.

### CONCLUSION

Having determined that Fleming waived his right to appeal, we do not reach the issue of the constitutionality of the Hobbs Act.  The appeal is dismissed.

appeal, and that litigants need to be able to rely on oral pronouncements of judges. *Id.* at 918.

No other circuit has adopted the rule of *Buchanan*, but several have spoken on the issue. The Eighth Circuit declined to follow *Buchanan* on the basis that "[a]ny statement by the court at sentencing could not have affected [the defendant's] decision . . . to plead guilty and waive his appellate rights." *United States v. Michelson*, 141 F.3d 867, 872 (8th Cir. 1998), *see also, United States v. Arrellano*, 213 F.3d 427 (8th Cir. 2000). Further, the *Michelson* court noted that regardless of any waiver, a defendant implicitly preserves his right to appeal a sentence that was illegal or imposed in violation of the plea agreement. *Michelson*, 141 F.3d at 872, *citing United States v. Rutan*, 956 F.2d 827, 829-830 (9th Cir. 1996). Therefore, by the Eighth Circuit's rationale, the notification of the right to appeal required by Rule 32(c)(5), which instructs the court to notify the defendant of "any right to appeal," is not inconsistent with the Rule 11 requirement to explain the waiver provision of a plea agreement. *See Michelson*, 141 F.3d at 872.

The Fourth Circuit also declined to adopt *Buchanan*, holding that "once an appeal waiver is established to be knowing and intelligent, the waiver may not be held unenforceable because of a district court's erroneous statements at a subsequent proceeding . . . ." *United States v. One Male Juvenile*, 117 F.3d 1415, 1997 WL 381955 (4th Cir.(N.C.)) (unpublished); *see also United States v. Gibson*, 166 F.3d 1210, 1999 WL 7862 (4th Cir.(N.C.)).

We do not need to determine whether the district court's recitation of the Rule 32 advice here was erroneous, or merely superfluous. It is sufficient to say that any pronouncement from the bench that seeks unilaterally to amend a plea agreement exceeds the court's authority under the Criminal Rules and is without effect.

The Ninth Circuit makes much of a defendant's "reasonable expectations." We think, however, that a defendant who is mistakenly notified of a right to appeal and suffers confusion

de novo. *See Costo v. United States*, 904 F.2d 344, 346 (6th Cir. 1990).

Fleming pins his hopes on the court's having included in the sentencing proceeding the standard post-sentence advice regarding a right to appeal. Fleming claims that the reading of the Rule 32 advice evidences the court's specific rejection of the waiver of appeal found in the plea agreement. Although we have held that a court's failure to give the notice of appeal when appeals have been waived is not error, we have never ruled on the issue of whether a superfluous notice restores rights which have been waived. *United States v. Everard*, 102 F.3d 763, 766 (6th Cir. 1996).[1]

It is well settled that a defendant in a criminal case may waive "any right, even a constitutional right," by means of a plea agreement. *United States v. Ashe*, 47 F.3d 770, 775-76 (6th Cir. 1995). The sine qua non of a valid waiver is that the defendant enter into the agreement knowingly and voluntarily. *See Town of Newton v. Rumery,* 480 U.S. 386, 393 (1987), *see also Ashe*, 47 F.3d at 776. The record here clearly demonstrates that Fleming understood the waiver contained in the plea agreement and consented to it voluntarily. Fleming has not produced any evidence to suggest otherwise or asserted any claim that the plea was not knowing and voluntary.

When presented with a knowing and voluntary plea agreement, a district court's options are limited. If the plea agreement is of the type specified in Rule 11(e)(1)(A) or (C), the court may accept or reject the agreement, or may defer consideration of the plea agreement pending a presentence report. FED. R. CRIM. P. 11(e)(2); *United States v. Skidmore*,

_____

[1] Although the *Everard* Court notes in dicta the view expressed by the Ninth Circuit in *United States v. Buchanan*, 59 F.3d 914 (9th Cir. 1995), that the sentencing court's oral pronouncement of the right to appeal overrides the written waiver of that right contained in a valid plea agreement, *Everard*, 102 F.3d at 766, the holding in *Everard* does not reach that issue.

998 F.2d 373, 374 (6th Cir. 1993); *United States v. Partida-Parra*, 859 F.2d 629, 631 (9th Cir. 1988). If the agreement is of the type specified in Rule 11(e)(1)(B), in which the recommendation regarding sentencing is not binding on the court, the court must advise the defendant at the time the plea is offered that the defendant will have no right to withdraw his plea should the court decline to sentence in accordance with the plea agreement's recommendation. FED. R. CRIM. P. 11(e)(1)(B). Under no circumstances may the court participate in the negotiation of the plea agreement. FED. R. CRIM. P. 11(e)(1); *United States v. Barrett*, 982 F.2d 193, 195 (6th Cir. 1992). These limitations are well-established and a court may not disregard them. *Partida-Parra*, at 632.

If the court chooses to reject the plea agreement, it must "on the record, inform the parties of this fact, [and] advise the defendant personally in open court . . . that the court is not bound by the plea agreement . . . ." FED. R. CRIM. P. 11(e)(4). We have held that when a court does not clearly accept, reject, or defer consideration of a plea agreement, the law presumes acceptance. *United States v. Skidmore*, 998 F.2d 373, 375 (6th Cir. 1993). Further, once a court accepts a plea agreement, "it is bound by the bargain." *United States v. Mandell*, 905 F.2d 970, 972 (6th Cir. 1990).

In the case of Mr. Fleming, the record admits of no ambiguity about what the district court did with regard to Fleming's guilty pleas. At the close of the plea hearing, the court explicitly stated that the guilty pleas had been knowingly and voluntarily entered and accepted the pleas. The court's post-sentencing statement made no mention of the plea agreement or any intention not to be bound by it as required by Rule 11(e)(4). Rather, the court's statement is consistent with the standard advice regarding notification of the right to appeal required by Rule 32(c)(5). That rule requires that "[a]fter imposing sentence in any case, the court must advise the defendant of any right to appeal the sentence, and of the right of a person who is unable to pay the cost of an appeal to apply for leave to appeal in forma pauperis." FED. R. CRIM. P. 32(c)(5); *United States v. Butler*, 938 F.2d 702,

703 (6th Cir. 1991)[2] (holding—in a case in which no issue of waiver of the right to appeal was at issue—that where it was unclear from the transcript of the sentencing proceeding whether the district court had notified defendant of his right to appeal the sentence must be vacated and remanded for resentencing and notice as to the right to appeal). The Rule 32 notification is precisely the message the district court imparted to Fleming.

Even if the district court did recite the language of the Rule 32 notification of the right to appeal intending to modify the plea agreement to resurrect Fleming's right to appeal, the court lacked the power to make such a modification. "Nothing in the rules even remotely allows the district court to accept a guilty plea but rewrite the plea agreement, even if the modified agreement is more favorable to the defendant." *Skidmore*, 998 F.2d at 375. We have stringently enforced the rule that a court may not participate in the plea agreement process. *See United States v. Barrett*, 982 F.2d 193, 195 (6th Cir. 1992). An attempt to rewrite the plea agreement from the bench would fall squarely into the category of prohibited participation.

In so holding, we expressly decline to adopt the Ninth Circuit's rule in *United States v. Buchanan*, 59 F.3d 914 (9th Cir. 1995), and add our voice to the chorus of criticism of that decision. In *Buchanan*, faced with a factual scenario identical to the one before us here, the Ninth Circuit held that the district court's oral pronouncement from the bench during sentencing that defendant had a right to appeal controlled over the waiver of that right in a written plea agreement, and restored the defendant's right to appeal. *United States v. Buchanan*, 59 F.3d 914, 917 (9th Cir. 1995). The *Buchanan* Court reasoned that the statement from the bench created in the defendant a "reasonable expectation" of being able to

---

[2]For the purposes of our analysis Fed. R. Crim. P. 32(c)(5) is analogous to former Fed. R. Crim. P. 32(a)(2), under which *Butler* was decided.