**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Bryant L. BROOKS, Defendant–**
**Appellant.**

**No. 00–3804.**

United States Court of Appeals,
Sixth Circuit.

June 20, 2001.

Before BOGGS and SUHRHEINRICH, Circuit Judges; CLELAND, District Judge.*

Bryant L. Brooks appeals his judgment of conviction and sentence. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

Brooks pleaded guilty to a charge of conspiracy to distribute cocaine and crack cocaine, a violation of 21 U.S.C. § 846. He was sentenced to 140 months of incarceration.

In this timely appeal, Brooks's appointed counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Brooks was served with the brief and the motion. *See* Rule 101(f), Sixth Circuit Supplemental Procedural Rules. He has filed no response.

We grant the motion to withdraw, as it reflects that counsel has reviewed the entire record and proceedings and has submitted the following issues for review: (1) whether Brooks's guilty plea was entered in conformity with the Federal Rules of Criminal Procedure, and (2) whether the district court abused its discretion in determining Brooks's criminal history category. Counsel asserts these issues, but recognizes that each lacks merit.

* The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation.

The record reflects that the district court properly accepted Brooks's valid guilty plea. A plea of guilty is valid if entered knowingly, voluntarily, and intelligently; its validity is determined under the totality of the circumstances. *North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *Brady v. United States,* 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The Constitution requires that such circumstances reflect that the defendant be informed of all the direct consequences of his plea. *Brady,* 397 U.S. at 755, 90 S.Ct. 1463. The court explained to Brooks the rights he was waiving, the statutory maximum sentences involved, and the application of the Sentencing Guidelines. Fed.R.Crim.P. 11(c)(1), (c)(3). Brooks acknowledged his guilt of the crime charged.

Brooks entered a conditional waiver of his right to raise any sentencing challenge on appeal. A waiver provision in a plea agreement is binding so long as it is made knowingly and voluntarily. *See Hunter v. United States,* 160 F.3d 1109, 1113 (6th Cir.1998); *United States v. Ashe,* 47 F.3d 770, 775–76 (6th Cir.1995). Nothing suggests that Brooks's assent to this provision was unknowing or involuntary. The conditions precedent to Brooks challenging his sentence did not occur. The agreement of the parties regarding this provision will not be disturbed. *United States v. Fleming,* 239 F.3d 761, 764 (6th Cir.2001).

Lastly, we have reviewed the record, and we conclude that no other nonfrivolous issue exists.

Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment of conviction and sentence. Rule 34(j)(2)(C), Rules of the Sixth Circuit.