**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Karen L. EAVES, Defendant–Appellant.**

**No. 02–3169.**

United States Court of Appeals,
Sixth Circuit.

Oct. 22, 2002.

Before BOGGS, SUHRHEINRICH, and CLAY, Circuit Judges.

Karen L. Eaves appeals her judgment of conviction and sentence entered on her plea of guilty to bank fraud in violation of 18 U.S.C. § 1344 and bribery for procuring a bank loan in violation of 18 U.S.C. § 215(a)(1). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

The district court sentenced Eaves in accordance with a negotiated plea agreement to twenty-one months of imprisonment without objection from Eaves.

On appeal, Eaves's counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Eaves has not responded to counsel's motion to withdraw.

Upon review, we hereby grant the motion to withdraw as counsel as it reflects that appellate counsel has independently reviewed the entire record and proceedings. Although believing the appeal to be without merit, counsel submits that the district court may have erred by increasing Eaves's offense level by two pursuant to USSG § 2F1.1(b)(2)(A) (1999), for more than minimal planning.

Eaves waived her right to appeal her conviction and sentence. A defendant in a criminal case may waive the right to appeal, *see United States v. Fleming,* 239 F.3d 761, 763–64 (6th Cir.2001); *United States v. Ashe,* 47 F.3d 770, 775–76 (6th Cir.1995), as long as the defendant waives the right knowingly and voluntarily. *Fleming,* 239 F.3d at 764. In her negotiated plea agreement, Eaves affirmatively waived her right to appeal or otherwise challenge through post-conviction motions a sentence that was computed using an offense level of 14. Eaves reiterated her knowing and voluntary acceptance of the waiver at her guilty plea hearing. Finally, the district court again discussed Eaves's waiver at sentencing. Thus, the record clearly demonstrates that Eaves understood the waiver contained in the plea agreement and consented to it voluntarily. The district court sentenced Eaves at an offense level of 14, thereby precluding Eaves from appealing.

In any event, we have reviewed the record and discovered no error warranting reversal of Eaves's conviction or sentence.

Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.