**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**Teodulo HUERTA CORTINAS, Defendant–Appellant.**

**No. 01–3784.**

United States Court of Appeals, Sixth Circuit.

Dec. 17, 2002.

Before MERRITT and DAUGHTREY, Circuit Judges; and RUSSELL, District Judge.*

---

* The Honorable Thomas B. Russell, United States District Judge for the Western District of Kentucky, sitting by designation.

## ORDER

Teodulo Huerta Cortinas appeals his judgment of conviction and sentence. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

In this timely appeal, Cortinas's appointed counsel has filed a motion to withdraw and a finely-crafted example of the brief envisioned by the Supreme Court in *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Cortinas was notified of counsel's motion to withdraw, but he has filed no response.

The motion to withdraw reflects that counsel has reviewed the entire record and proceedings and has submitted the following issues for review: (1) whether a factual basis was established for Cortinas's guilty plea, (2) whether Cortinas's criminal history score was overstated, (3) whether Cortinas was entitled to a sentence below the statutory-minimum sentence, and (4) whether his sentence was cruel and unusual. Counsel states these issues but also concedes that they lack merit.

The record reflects that the district court properly accepted Cortinas's valid guilty plea. A plea of guilty is valid if entered knowingly, voluntarily, and intelligently; its validity is determined under the totality of the circumstances. *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *Brady v. United States*, 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The Constitution requires that such circumstances reflect that the defendant be informed of all the direct consequences of his plea. *Brady*, 397 U.S. at 755, 90 S.Ct. 1463. The magistrate judge explained to Cortinas the constitutional rights he was waiving, the statutory maximum sentence he faced, and that he would be sentenced pursuant to the Sentencing Guidelines. The magis-trate judge explained that no specific sentence was guaranteed by the plea agreement. Fed.R.Crim.P. 11(c)(1), (c)(3), (c)(6). The magistrate judge painstakingly established that there was a factual basis for Cortinas's plea.

Our review of the record reveals no colorable sentencing issue. In addition to complying fully with the other requirements of Rule 11, the magistrate judge assured that Cortinas understood that he had agreed to a conditional waiver of his right to appeal his sentence. Through the waiver provision. Cortinas waived his right to appeal his sentence unless: (1) a sentence was imposed in excess of the statutory-maximum sentence or the terms stated in the plea agreement, or (2) the court exercised and upward departure from the recommended guideline range. Neither condition-subsequent came to pass: Cortinas was sentenced to the mandatory-minimum sentence.

A waiver provision in a plea agreement is binding so long as it is made knowingly and voluntarily. *See Hunter v. United States*, 160 F.3d 1109, 1113 (6th Cir.1998); *United States v. Ashe*, 47 F.3d 770, 775–76 (6th Cir.1995). Nothing suggests that Cortinas's assent to this provision was unknowing or involuntary. Although the district court–at the conclusion of the sentencing hearing – erroneously advised Cortinas that he retained an unfettered right to appeal his sentence, the agreement of the parties regarding this provision will not be disturbed. *United States v. Fleming*, 239 F.3d 761, 764 (6th Cir. 2001).

Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.