**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Bill RILEY, Defendant–Appellant.**

**No. 02–5088.**

United States Court of Appeals, Sixth Circuit.

Jan. 31, 2003.

Before RYAN, BATCHELDER, and LAY,\* Circuit Judges.

*ORDER*

Bill Riley appeals his judgment of conviction and sentence. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

In this timely appeal, Riley's appointed counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Riley was notified of counsel's motion to withdraw, and he has responded by filing a pro se conditional motion for voluntary dismissal of the appeal.

Riley pleaded guilty to charges that he conspired to possess with the intent to distribute and conspired to distribute controlled substances, a violation of 21 U.S.C. § 846; that he conspired to launder money, a violation of 18 U.S.C. § 1956(h); and that he possessed a firearm during a drug-

\* The Honorable Donald P. Lay, United States Circuit Judge for the Eighth Circuit, sitting by designation.

trafficking crime, a violation of 18 U.S.C. § 924(c)(1). He also agreed to the forfeiture of assets. He was sentenced to 101 months of imprisonment to be followed by three years of supervised release.

As an initial matter, Riley's motion to voluntarily dismiss the appeal must be denied. He has conditioned his motion on a restoration of his right to bring a collateral attack. Because Riley bargained away his right to bring a collateral attack in the plea agreement, granting his motion would imply that we could alter the agreement between the parties at this late date. Such a unilateral amendment to a plea agreement exceeds our authority.

The record reflects that the district court properly accepted Riley's valid guilty plea. A plea of guilty is valid if entered knowingly, voluntarily, and intelligently; its validity is determined under the totality of the circumstances. *North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *Brady v. United States,* 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The Constitution requires that such circumstances reflect that the defendant be informed of all the direct consequences of his plea. *Brady,* 397 U.S. at 755, 90 S.Ct. 1463. The district court assured that Riley understood the constitutional rights he was waiving, the statutory maximum sentence he faced, and the applicability of the Sentencing Guidelines. The district court explained that no specific sentence was guaranteed by the plea agreement. Fed.R.Crim.P. 11(c)(1), (c)(3), (c)(6). Finally, the court established that there was a factual basis for Riley's plea and that Riley understood that he had consented to forfeit property.

In the written plea agreement, Riley unconditionally waived his right to appeal his sentence and his right to bring a collateral attack on his convictions. A waiver provision in a plea agreement is binding so long as it is made knowingly and voluntarily. *See Hunter v. United States,* 160 F.3d 1109, 1113 (6th Cir.1998); *United States v. Ashe,* 47 F.3d 770, 775–76 (6th Cir.1995). Nothing suggests that Riley's assent to this provision was unknowing or involuntary. Although the district court–at the conclusion of the sentencing hearing–erroneously advised Riley that he retained an unfettered right to appeal his sentence, the agreement of the parties regarding this provision will not be disturbed. *United States v. Fleming,* 239 F.3d 761, 764 (6th Cir.2001).

Accordingly, Riley's conditional motion to dismiss this appeal voluntarily is DENIED. Counsel's motion to withdraw is GRANTED, and the district court's judgment of conviction and sentence is AFFIRMED. Rule 34(j)(2)(C), Rules of the Sixth Circuit.