**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Shirley HARWOOD, Defendant–**
**Appellant.**

No. 03–5775.

United States Court of Appeals,
Sixth Circuit.

Aug. 19, 2004.

Eric J. Beste, U.S. Department of Justice, Washington, DC, Guy W. Blackwell, Asst. U.S. Attorney, U.S. Attorney's Office, Greenville, TN, for Plaintiff–Appellee.

R. B. Baird, III, Law Offices of R.B. Baird, III, Rogersville, TN, for Defendant–Appellant.

Before: MOORE and COLE, Circuit

Judges; and MARBLEY, District Judge.[*]

## ORDER

Shirley Harwood, proceeding through counsel, appeals the sentence imposed upon her convictions for conspiracy to defraud, in violation of 18 U.S.C. § 371; mail fraud, in violation of 18 U.S.C. § 1341; wire fraud, in violation of 18 U.S.C. § 1343; and engaging in monetary transactions in property derived from specified unlawful activity, in violation of 18 U.S.C. § 1957. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

On October 23, 2001, Harwood was indicted for one count of conspiracy to defraud, two counts of mail fraud, seven counts of wire fraud, and two counts of engaging in monetary transactions in property derived from specified unlawful activity. Pursuant to a written plea agreement, Harwood pled guilty on April 29, 2002, to conspiracy to defraud, one count each of mail and wire fraud, and one count of engaging in monetary transactions in property derived from specified unlawful activity in exchange for dismissal of the remaining eight counts.

Following the preparation of a presentence investigation report (PSR) and a hearing to resolve Harwood's objections to the PSR, the district court sentenced Harwood to serve sixty months of imprisonment for conspiracy and mail and wire fraud, and ninety-seven months of imprisonment for engaging in monetary transactions in property derived from specified unlawful activity, to run concurrently, serve three years of supervised release, pay $5,314,967 in restitution, and pay a $1,500 special assessment. In arriving at the sentence imposed, the district court declined to reduce Harwood's offense level for acceptance of responsibility.

Harwood filed a timely appeal, in which she argues that the district court erred when it declined to reduce her offense level for acceptance of responsibility pursuant to the provisions of USSG § 3E1.1. The parties have waived oral argument.

Upon review, we conclude that Harwood may not appeal her sentence because she expressly waived her right to do so upon execution of her written plea agreement. Pursuant to the terms of the plea agreement, Harwood specifically agreed "not to appeal her plea of guilty or the sentence imposed by the Court." Although the plea agreement recommended that Harwood receive a three-level decrease in her offense level for acceptance of responsibility, the agreement expressly stated that any sentencing recommendations "are not binding on the probation office or the Court." In addition, during the plea colloquy, the district court mentioned Harwood's waiver of her right to appeal her sentence pursuant to the terms of the plea agreement and questioned Harwood as to her assent to such provision. In response, Harwood acknowledged the existence of the waiver provision and indicated that she had discussed it with her attorney.

A waiver provision in a plea agreement is binding as long as it was made knowingly and voluntarily. *United States v. Fleming*, 239 F.3d 761, 763–64 (6th Cir.2001); *United States v. Allison*, 59 F.3d 43, 46 (6th Cir.1995); *United States v. Ashe*, 47 F.3d 770, 775–76 (6th Cir.1995). Harwood expressly waived her right to appeal her sentence in the plea agreement. Nothing in the district court record suggests that

---

[*] The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

Harwood's assent to the waiver provision was unknowing or involuntary. Indeed, Harwood does not claim that her guilty plea was unknowingly and involuntarily entered. Under these circumstances, Harwood expressly waived her right to appeal her sentence when she executed the plea agreement. *See Fleming,* 239 F.3d at 763–64; *Allison,* 59 F.3d at 46; *Ashe,* 47 F.3d at 775–76.

Accordingly, we affirm the district court's judgment.