No. 03-4569
File Name: 05a0525n.06
Filed: June 20, 2005

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | On Appeal from the United States |
| | ) | District Court for the Northern |
| THOMAS J. TISDALE, | ) | District of Ohio |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Before:  MARTIN and ROGERS, Circuit Judges; FORESTER, Chief District Judge.[*]

Thomas J. Tisdale, represented by counsel, appeals his criminal sentence.  This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit.  Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

In 2003, Tisdale pled guilty to conspiring to possess with the intent to distribute cocaine base in violation of 21 U.S.C. §§ 841 and 846.  The court sentenced him to sixty months of imprisonment.

On appeal, Tisdale's counsel filed a motion to withdraw his representation pursuant to *Anders v. California*, 386 U.S. 738 (1967), essentially asserting the following issue for review: whether Tisdale was entitled to a further reduction of his offense level based on his cooperation with the government.

Upon review, we conclude that Tisdale has waived his right to pursue this claim on appeal. In pertinent part, the plea agreement provides that "[t]he defendant reserves the right to appeal:  (a) any punishment in excess of the statutory maximum, (b) any punishment to the extent that it constitutes an upward departure from the Sentencing Guideline range deemed most applicable by

_____

[*]The Honorable Karl S. Forester, United States Chief District Judge for the Eastern District of Kentucky, sitting by designation.

the Court." The plea agreement also reserved Tisdale's right to raise claims of ineffective assistance of counsel and prosecutorial misconduct on direct appeal and in a collateral proceeding. During the plea colloquy, the district court reviewed this portion of the plea agreement with Tisdale, and Tisdale acknowledged that he was aware that he was waiving most of his appellate rights. A defendant in a criminal case may waive his right to appeal his conviction, so long as the waiver is valid. *United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001). As to Tisdale's right to challenge his sentence, the parties' plea agreement specifically provided that Tisdale had waived his right to appeal anything except for a sentence in excess of the statutory maximum or a sentence based on an upward departure from the applicable guidelines range. The sentence imposed in this case does not fit these criteria. There is nothing in the record to suggest that Tisdale's assent to the waiver provision was unknowing or involuntary. Under these circumstances, Tisdale's waiver is valid. *See United States v. Murdock*, 398 F.3d 491, 496-99 (6th Cir. 2005). Because Tisdale's appeal waiver was valid, and none of the issues regarding sentencing he reserved for appeal are present, we need not discuss counsel's argument regarding sentencing.

Tisdale also reserved the right to appeal his conviction based on prosecutorial misconduct or ineffective assistance of counsel on both direct and collateral review. At this time, Tisdale presents no evidence to support a claim of prosecutorial misconduct and any claim of prosecutorial misconduct is therefore without merit. Ineffective assistance of counsel claims are only heard on direct appeal in extraordinary circumstances not present in this case, *see United States v. Davis*, 306 F.3d 398, 422 (6th Cir. 2002), and without an adequate record we decline to address any such claim here.

Accordingly, we grant counsel's motion to withdraw and affirm the judgment of the District Court.