NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0493n.06

No. 08-4488

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Aug 10, 2010**
LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,

 Plaintiff-Appellee,

v.

DALE A. WALLS,

 Defendant-Appellant.

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO

---

Before: GUY and GRIFFIN, Circuit Judges; and WILHOIT, District Judge.[*]

Wilhoit, District Judge.

Defendant Dale A. Walls appeals from his sentence of 360 months imprisonment to be followed by a lifetime of supervised release after pleading guilty to possession, production and receipt and distribution of child pornography in violation of 18 U.S.C. §§ 2251(a), 2252(a), 2252A(a)(5)(B) and 2256(2).

For the reasons set forth below, we AFFIRM the judgment of the District Court and DISMISS this appeal pursuant to the appellate-waiver provision of the plea agreement.

---

[*] The Honorable Henry R. Wilhoit, Jr., Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

No. 08-4488
*United States v. Walls*

## BACKGROUND

On February 5, 2008, the FBI's Toledo's office, acting upon information that a computer subscribed to the residence of Appellant Dale A. Walls may have been involved in the receipt and distribution of child pornography, obtained a federal search warrant for the residence.

The agents contacted Walls and he agreed to accompany them to his residence, where he was advised of and waived his Miranda rights. Walls admitted that his personal computer would contain approximately 10,000 images and 100 videos of child pornography and that he had in his possession videos of child pornography that he himself had produced. These tapes, a camcorder and DVD recording system were seized, along with Walls' computer.

Forensic analysis of the computer revealed over 30,000 images and over 100 videos of child pornography.[1] These images depicted minors, including children under 12 years of age, engaged in

---

[1] 18 U.S.C. §2256 defines "child pornography":

(8)...any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where–
(A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct;
(B) such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct; or
(C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct.

18 U.S.C. §2256 (8).

2

graphic, sexually explicit conduct, some of which was sadistic or masochistic, as defined in 18

U.S.C. § 2256.[2]

Additional analysis revealed that between May 28, 2006 and February 5, 2008, Walls

knowingly received and distributed over 2,000 images and image files of child pornography on his

computer, exchanging them with at least 100 different users.

The investigation further revealed that in May 2004, Walls produced child pornography by

videotaping sexual contact he had with a prepubescent girl. She was at his residence for a sleepover

---

[2] Sexually explicit conduct is defined as:

(i) graphic sexual intercourse, including genital-genital, oral- genital,

anal-genital, or oral-anal, whether between persons of the same or opposite sex, or lascivious simulated sexual intercourse where the genitals, breast, or pubic area of any person is exhibited;

(ii) graphic or lascivious simulated;

(I) bestiality;

(II) masturbation; or

(III) sadistic or masochistic abuse; or

(iii) graphic or simulated lascivious exhibition of the genitals or pubic

area of any person.

18 U.S.C. § 2256(2)

"'[G]raphic', when used with respect to a depiction of sexually explicit conduct, means that a viewer can observe any part of the genitals or pubic area of any depicted person or animal during any part of the time that the sexually explicit conduct is being depicted." 18 U.S.C. § 2256(10).

with his daughter. While she was asleep, Walls had oral-to-genital contact with her. He uploaded these images onto his computer and sent them to others.[3]

In July 20004, he produced another pornographic video, showing Walls rubbing his penis against the buttocks of a prepubescent girl while she was sleeping. Again, he uploaded the images onto his computer and sent them to others.

On March 3, 2008, a six-count indictment was filed. Count One charged Walls with one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), Counts Two, Three and Four charged him with production of child pornography in violation of 18 U.S.C. §

---

[3] Federal law prohibits the sexual exploitation of children by

> [a]ny person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, or who transports any minor in or affecting interstate or foreign commerce, or in any Territory or Possession of the United States, with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, shall be punished as provided under subsection (e), if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

18 U.S.C. § 2251(a).

In addition, certain activities relating to child pornography, including distributing, possessing, producing and reproducing, are specifically deemed crimes. 18 U.S.C. §2252A.

2251(a) and Counts Five and Six charged him with receipt and distribution of child pornography in violation of 18 U.S.C. § 2252(a).

On July 14, 2008, Walls pled guilty to Counts One, Two, Three and Five, with the remaining counts to be dismissed at sentencing. A plea agreement was negotiated and, ultimately, executed.

The District Court accepted the plea agreement and convened a hearing on sentencing on October 27, 2008. Walls was sentenced to 120 months imprisonment on Counts 1 and 5, each to run concurrently, and 360 months of imprisonment on Counts 2 and 3, all to run concurrently. This sentence was to be followed by a lifetime of supervised release.

On November 7, 2008, Walls filed a Notice of Appeal, alleging, first, that the District Court erred by not fully addressing the reasons he advanced for a downward variance and, secondly, that the sentence, specifically the term of supervised release, is unreasonable.

## DISCUSSION

This Court need not address Wall's specific contentions pertaining to his sentence because he waived his right to appeal it. The plea agreement contains an explicit waiver of appellate rights and the record reveals that Walls understood the waiver and knowingly and voluntarily agreed to the same.

Criminal defendants may waive their right to appeal as part of a plea agreement so long as the waiver is made knowingly and voluntarily. *United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001). The validity of such a waiver is reviewed *de novo*. *United States v. Stubbs*, 279 F.3d 402, 411 (6th Cir. 2002). Upon review, this Court looks to both the written plea agreement as well

No. 08-4488
*United States v. Walls*

the plea colloquy to determine the validity of the waiver. *United States v. Swanbergh*, 370 F.3d 622,

626 (6th Cir. 2004).

> The plea agreement states, in pertinent part:
>
> Defendant acknowledges having been advised by counsel of [his] rights, in limited circumstances, to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. § 3742, and to challenge the conviction or sentence through a post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255. *Defendant expressly waives those rights* except as reserved below.

Plea Agreement, ¶8 (emphasis added).

Walls was represented by counsel at the plea hearing and he has made no allegation that his

counel was ineffective or failed him in any fashion whatsoever. Walls stated that he had no doubt

as to his counsel's ability.

At the hearing, the plea agreement was summarized by the AUSA, who explained, in detail,

the waiver of appellate rights. The District Judge asked Walls if he had read the agreement prior to

signing it, understood its terms and whether he had an opportunity to discuss it with his counsel.

Walls stated, under oath, he had no questions with regard to the agreement:

> The Court: [Any] question about this agreement now that you've had an opportunity to review it with your lawyer, had an opportunity here in court to listen to us summarize that agreement? Is there any question in your mind you have about the agreement?
>
> Walls: None, your honor.

As for the colloquy, the District Court conducted it thoroughly and in compliance with

Fed.R.Crim.P. 11. The waiver of appellate rights was mentioned several times. For example,

following an exchange between the court and Walls:

6

> The Court: Now I understand that you have reviewed a possible plea agreement in this case and that plea agreement contains a provision which generally waives your right to appeal, it's paragrapgh 8 of that agreement on pages 5 and 6, and that includes an appeal of my sentence with limited exception. And I want you to be aware that our Court of Appeals usually upholds such waivers, and I want to make sure you're willing to comply with this waiver of your right to appeal. Are you?
>
> Walls: Yes.

Also during the hearing:

> The Court: Are you prepared to live by this agreement?
>
> Walls: Yes.
>
> The Court: By signing it you understand you'll have no trial of any kind, no right to appeal your conviction, and I will enter a judgment of guilty on the basis of your guilty plea?
>
> Walls: Yes.

It was only after Walls' affirmation that he understood the agreement that the court entered a finding and recommendation of a plea of guilty. In doing so, the Court, again, stated that Walls had only a very limited right to appeal his sentence:

> The Court: I find that you were advised of your constitutional rights; you made a knowing, intelligent and voluntary waiver of those rights; and further you were advised of your limited rights to appeal both the plea and the sentence. I further find your pleas were make knowingly, voluntarily and with an understanding of the charges and the maximum penalties involved and the effect of each of your pleas.

In addition to the waiver of appellate rights, Walls was advised that the anticipated sentencing guideline range was 360 months to life imprisonment. He acknowledged that this had been discussed with his counsel and that he understood the proposed range was high. Moreover, the

AUSA informed Walls, in open court, that a lifetime term of supervised release was a possibility. Again, no question or objection from Walls or his counsel.

Further, Walls confirmed that his plea was made of his own free will, without threats, promises or other inducements.

Finally, Walls signed a written acknowledgment of his waiver of right to appeal, which stated:

> You also have the statutory right to appeal your Sentence under certain circumstances, particularly if you think your Sentence is contrary to law. However if you had a Plea Agreement, you may have waived some of these appeal rights, and such a waiver is generally enforceable.

This document was signed, without question or objection, by Walls during the plea hearing.

Appellant addresses the validity of the waiver of appeal rights in his Reply brief. He states that the district court, in accepting the written acknowledgment of his waiver of right to appeal, asked "has the Defendant signed the acknowledgment of appeal rights as well as the acknowledgment of supervised release?" Walls seems to suggest that this was not enough, implying that the court was obligated to mention the *waiver* of appellate rights, not merely the acknowledgment, during this particular dialogue. No mention is made by Walls of the lengthy colloquy proceeding this particular point in the hearing or his statement that he understood his waiver of appeal rights. Nor does he cite precedential authority in support of his argument. Instead, Walls cites a case from the Ninth Circuit Court of Appeals in which that court deemed a waiver of appellate rights unenforceable where a district court told a Defendant he could appeal his sentence, notwithstanding the existence of a waiver in the plea agreement. *United States v. Buchanan*, 59 F.3d

8

914 (9ᵗʰ Cir. 1995).  To his credit,  Walls acknowledges that this Court is not bound by this opinion.  And, of course, it is not.  Moreover, it is utterly inapposite.  There is no allegation of conflicting statements or any other type of confusion in this case.

Incredibly, Walls acknowledges that this Court has enforced the waiver of appeals rights in circumstances in which there have been conflicting statements by the court as to waiver.  *E.g., Fleming*, 239 F.3d at 763 (waiver was upheld notwithstanding that during plea colloquy district court stated that Defendant had given up right to appeal based upon plea agreement yet at sentencing hearing stated that Defendant had right to appeal sentence).  *See also Swanbergh*, 370 F.3d at 625 - 626.

Walls' argument is not only convoluted, but without merit.  In this case, the District Court fully advised Walls of the waiver of his appellate rights.  There were no conflicting statements by the court below or ambiguity in the written plea agreement.  Indeed, it appears to be a textbook, if you will, plea with the accompanying waiver of appeal rights.  There is no indication, or allegation, that Walls entered into the plea agreement without an understanding of the ramifications of it.  To the contrary, the record establishes that Walls acted  knowingly and voluntarily.

## CONCLUSION

For the reasons set forth above, we hold that Appellant Walls has waived his right to challenge the District Court's sentence and we therefore AFFIRM the judgment below.