NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 15a0030n.06

No. 14-5701

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED

Jan 08, 2015

DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| JASON NIXON, | ) | TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: SUHRHEINRICH and GRIFFIN, Circuit Judges; LEITMAN, District Judge.[*]

PER CURIAM. Jason Nixon, a federal prisoner, appeals through counsel his conviction of two counts of possession with intent to distribute less than fifty kilograms of marijuana, for which he was sentenced to 48 months of imprisonment.

Nixon entered into a plea agreement that provided that the government would move for a reduction in the offense level for acceptance of responsibility unless it learned of additional criminal conduct by Nixon following the plea. The government also agreed to recommend a sentence at the low end of the guidelines range. Nixon waived his right to appeal or file a collateral attack, except regarding issues of prosecutorial misconduct or to challenge a sentence exceeding the statutory maximum or departing or varying above the guidelines range. The plea agreement also provided that the district court's decision not to grant a reduction for acceptance

---

[*]The Honorable Matthew F. Leitman, United States District Judge for the Eastern District of Michigan, sitting by designation.

of responsibility or not to sentence Nixon at the bottom of the guidelines range would not be a basis for withdrawing the plea.

The district court accepted Nixon's plea, and a presentence report was prepared that calculated the sentencing guidelines range at 37 to 46 months. However, at the sentencing hearing, the prosecution did not move for a reduction for acceptance of responsibility because it had learned that Nixon had a new conviction for assault arising out of a fight in jail. Nixon's counsel noted that the government was within its rights in not moving for the reduction unless it was motivated by an unconstitutional reason, and conceded that it was not. However, counsel moved the court to vary downward because Nixon had not been aware that he was going to be charged with assault at the time the plea was negotiated. The district court recalculated the guidelines range, without the reduction in offense level for acceptance of responsibility, at 41 to 51 months. The prosecutor argued for a sentence within the range, but later corrected himself and asked for a sentence at the bottom of the range, or 41 months, as contemplated by the plea agreement. The district court noted the recommendation but rejected it, citing Nixon's extensive criminal history, his apparent lack of respect for the law, and the seriousness of the offense, and imposed a 48-month sentence.

On appeal, Nixon argues that the district court erred in "rejecting the plea agreement" in the form of the recommended sentence at the bottom of the range, without adequate reason. He also argues that the prosecutor committed misconduct in failing to move for a reduction in the offense level based on acceptance of responsibility, and in originally arguing for a sentence within the guidelines range, only later asking for a sentence at the bottom of the range.

A defendant in a criminal case may waive the right to appeal, so long as the waiver is knowing and voluntary; such a waiver precludes appellate review. *United States v. Fleming*,

239 F.3d 761, 763-65 (6th Cir. 2001). We review de novo the question of whether a defendant voluntarily waived his right to appeal. *United States v. Swanberg*, 370 F.3d 622, 626 (6th Cir. 2004). In this case, the record shows that Nixon voluntarily waived his right to appeal, other than issues of prosecutorial misconduct or a sentence exceeding the statutory maximum or the guidelines range. He argues in his reply brief that his waiver was not voluntary because he believed that he would receive the reduction in offense level for acceptance of responsibility. This argument is refuted by his acknowledgement that the failure to apply this reduction would not be a ground for withdrawing his plea. Nixon's first argument, concerning the failure to impose a sentence at the bottom of the guidelines range, is therefore waived and will not be reviewed.

Nixon's two arguments alleging prosecutorial misconduct were not waived. First, he claims that the prosecutor committed misconduct by refusing to move, under U.S.S.G. § 3E1.1(b), for a one-point reduction of his offense level based on acceptance of responsibility. This is refuted by the plea agreement, which provided that no such motion need be made if the government learned of additional criminal conduct by Nixon, as it did here. Indeed, defense counsel conceded at the sentencing hearing that in light of the government's newly acquired knowledge, it was entirely "up to [the government] whether or not they make [a motion for an acceptance-based reduction]." (R. 36, Tr. 6/24/14 at 11, Pg Id 69.) Moreover, while defense counsel argued that the government's refusal to move for the acceptance-based reduction warranted a downward variance, she expressly told the district court that she had *no* objection to the government's refusal to move for the reduction. (*Id.* at 6-7, 11-13.) Under all of these circumstances, Nixon is not entitled to relief on his claim that the government committed misconduct in refusing to move for the acceptance-based departure.

Finally, Nixon argues that the prosecutor violated the plea agreement by asking for a guidelines sentence before correcting himself and asking for a sentence at the bottom of the range. This argument is meritless. The prosecutor requested the bottom-of-the-range sentence as contemplated by the plea agreement.

Because Nixon waived the right to appeal his within-range sentence and his claims of prosecutorial misconduct are meritless, the district court's judgment is affirmed.