No. 04-1033
File Name: 05a0472n.06
Filed: June 7, 2005

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,           )
                                    )
        Plaintiff-Appellee,         )
                                    )
v.                                  )        On Appeal from the United States
                                    )        District Court for the Eastern
FREDERICK DIXON,                    )        District of Michigan
                                    )
        Defendant-Appellant.        )
                                    )

Before:  MARTIN and ROGERS, Circuit Judges; MCKINLEY, District Judge.[*]

        Frederick Dixon appeals his sentence following a guilty plea.  This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit.  Upon examination, this panel unanimously agrees that oral argument is not needed.  Fed. R. App. P. 34(a).

        Dixon pled guilty to making, uttering, publishing or forging securities, with intent to deceive, in violation of 18 U.S.C. § 513(a).  He was sentenced to thirty months of imprisonment and three years of supervised release.  He was also ordered to pay restitution in the amount of $29,100.

        On appeal, Dixon's counsel moves to withdraw and has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967).  In response, Dixon has filed a motion in opposition to counsel's motion to withdraw in which he asserts that:  1) the district court erroneously arrived at the amount of restitution; 2) the government breached its promise to move the court for a downward departure; 3) the district court improperly calculated his sentence for being a leader or organizer of the offense;

_____

        [*]The Honorable Joseph H. McKinley, Jr., United States District Judge for the Western District of Kentucky, sitting by designation.

and 4) the district court improperly calculated his sentence based on the amount of intended loss. Dixon has also filed a motion for bond and release pending appeal.

Upon review, we grant the motion to withdraw as counsel as it reflects that counsel has reviewed the entire record and proceedings and concluded that no grounds for appeal can be sustained. Believing the appeal to be without merit, counsel submits no issues for review.

Before proceeding to the issues set forth in Dixon's pro se motion in opposition to counsel's motion to withdraw, we note that we have reviewed the record and concluded that Dixon entered a valid guilty plea. A plea of guilty is valid if entered voluntarily, knowingly, and intelligently; its validity is determined under the totality of the circumstances. *See Brady v. United States,* 397 U.S. 742, 749 (1970). The Constitution requires that such circumstances reflect that the defendant be informed of all the direct consequences of a guilty plea. *Id.* at 755. The record should reflect a full understanding of the direct consequences so that the plea represents a voluntary and intelligent choice among the alternatives. *See North Carolina v. Alford,* 400 U.S. 25, 31 (1970).

The record in this case clearly reflects that Dixon entered a valid guilty plea. The district court, by complying with the requirements of Fed. R. Crim. P. 11, properly determined that Dixon knowingly and voluntarily entered his guilty plea. Rule 11 ensures that a defendant pleading guilty understands his applicable constitutional rights, that his plea of guilty is voluntary with a full understanding of the nature of the crime charged and the consequences of his guilty plea, and that a factual basis exists for the crime to which the plea is being offered. *United States v. Goldberg*, 862 F.2d 101, 106 (6th Cir. 1988).

At the plea hearing, the district court reviewed with Dixon the provisions of the plea agreement and the rights he was waiving. The district court read the charge in the indictment and explained the consequences of Dixon's plea in terms of the possible length of sentence. Dixon told the district court that he understood the charges and the consequences of his plea. The district court specifically addressed Dixon's right to trial by jury, the right to subpoena witnesses, the right to counsel, the presumption of innocence, the government's burden of proof, and the right not to testify. Dixon stated that he understood the rights he was waiving and acknowledged his guilt.

Thus, the court met the requirements of Fed. R. Crim. P. 11. Consequently, the record reveals that Dixon knowingly, intelligently, and voluntarily pleaded guilty.

Similarly, Dixon waived his right to appeal his conviction and sentence. A defendant in a criminal case may waive the right to appeal, *see United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001); *United States v. Ashe*, 47 F.3d 770, 775-76 (6th Cir. 1995), as long as the defendant waives the right knowingly and voluntarily. *Fleming*, 239 F.3d at 764. A defendant's knowing and voluntary waiver of his right to appeal contained in a plea agreement normally is valid and will preclude review of an issue on appeal. *Id.* at 764-65; *United States v. Bazzi*, 94 F.3d 1025, 1028 (6th Cir. 1996); *United States v. Allison,* 59 F.3d 43, 46 (6th Cir. 1995).

In his agreement with the government, Dixon expressly waived his right to appeal his sentence conditioned only on his receipt of a sentence of imprisonment below forty-one months. The district court directly addressed Dixon concerning his waiver, and Dixon expressed his understanding that if the court sentenced him within the guidelines, he had no right to appeal his sentence. The district court questioned Dixon further about waiving any argument with respect to Dixon being a leader or organizer of the criminal enterprise. Thus, Dixon acknowledged that he understood his plea agreement and understood that he was waiving the right to appeal his sentence. *Cf. United States v. Murdock*, 398 F.3d. 491, 495-96 (6th Cir. 2005) (the district court's failure to discuss with the defendant the waiver of appeal constitutes plain error). Therefore, Dixon knowingly, intelligently, and voluntarily waived his right to appeal, and the Supreme Court's recent decision in *United States v. Booker*, 125 S. Ct. 738 (2005), does not invalidate the otherwise valid waiver of Dixon's right to appeal. *See United States v. Bradley*, 400 F.3d 459, 464-65 (6th Cir. 2005); *United States v. Yoon*, 398 F.3d 802, 808 (6th Cir. 2005).

At the sentencing hearing, defense counsel stated "I am specifically bound by the [guilty plea] agreement not to object to the finding that [Dixon] was a leader and that there were five or more people involved." Dixon's pre-sentence report called for a sentencing range of thirty to thirty-seven months of imprisonment. The district court sentenced Dixon to the low end of that range by sentencing him to thirty months of imprisonment. Therefore, the district court met the condition set

forth in the parties' plea agreement, and Dixon knowingly, intelligently, and voluntarily waived his right to appeal.

Dixon's contention that the government breached its promise to move the court for a downward departure is belied by the record. The parties' written plea agreement specifically provides that it represents the entire agreement between Dixon and the government. The plea agreement is devoid of any promise by the government to move the court for a downward departure.

At the plea hearing, government counsel stated with regard to information that might be of assistance to the government, "we will talk, and if he provides information that I believe is beneficial to us that allows me to file a Rule 32 motion, I will do so." The court however proceeded promptly to obtain repeated and explicit agreement from defendant that such a motion was in the government's discretion.

Judgment affirmed. Counsel's motion to withdraw, granted.