**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5015**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

ANGEL ABEL GUZMAN,

             Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  Henry M. Herlong, Jr., Senior
District Judge.  (6:09-cr-01068-HMH-3)

Submitted:  November 21, 2011     Decided:  December 8, 2011

Before NIEMEYER, KING, and SHEDD, Circuit Judges.

Dismissed in part; affirmed in part by unpublished per curiam
opinion.

C. Fredric Marcinak, III, SMITH MOORE LEATHERWOOD LLP,
Greenville, South Carolina, for Appellant.  William N. Nettles,
United States Attorney, Andrew B. Moorman, Sr., Assistant United
States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Angel Abel Guzman pled guilty to possession with intent to distribute and distribution of 5 grams or more of methamphetamine in violation of 18 U.S.C.A. § 841(a), (b)(1)(B) (West 1999 & Supp. 2011) (Count 5), and was sentenced to a term of 108 months of imprisonment. In his plea agreement, Guzman waived his right to appeal his conviction or sentence on any ground, including the grounds listed in 18 U.S.C. § 3742 (2006), excepting only claims of ineffective assistance of counsel and prosecutorial misconduct. Guzman now seeks to appeal his sentence on the ground that the district court miscalculated the Guidelines range and declined to depart or vary below the Guidelines range. The government asserts that the appeal should be dismissed based on the waiver of appellate rights contained in Guzman's plea agreement. Guzman has filed various materials comprising a pro se supplemental brief, in which he further challenges his conviction and sentence. He also asserts that both his trial and appellate attorneys rendered ineffective assistance, and that the government breached the plea agreement. For the reasons that follow, we dismiss the appeal to the extent that Guzman challenges his conviction or sentence. With respect to Guzman's pro se claims of ineffective assistance and prosecutorial misconduct, we affirm the judgment.

Guzman only addresses the waiver in his reply brief. He argues that it is not enforceable because the district court failed to explain or discuss the waiver adequately with him at the Fed. R. Crim. P. 11 hearing. In his pro se supplemental brief, Guzman claims that (1) the waiver is unenforceable because his education and knowledge of English and legal terms is limited, thus suggesting that he did not knowingly waive his appellate rights; and (2) because the district court advised him after his sentence was imposed that he could appeal his sentence, contrary to the terms of the plea agreement.

It is well settled that "a defendant may waive in a valid plea agreement the right of appeal under 18 U.S.C. § 3742." United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). Whether a defendant has effectively waived the right to appeal is an issue of law that this court reviews de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Here, the record of the Rule 11 proceeding discloses that the district court fully complied with the requirements of Rule 11 to ensure that the guilty plea was knowing and voluntary. The record also establishes that Guzman waived his appeal rights knowingly and intelligently. First, the waiver provision was set out in detail in the plea agreement. Guzman informed the district court that his attorney had gone over the plea agreement with him, and that he understood it. Second, the

3

court asked Guzman during the Rule 11 hearing whether he was voluntarily giving up his right to appeal his conviction and sentence and Guzman replied affirmatively. Although Guzman, a citizen of Honduras, had only six years of formal education, he took an active part in his sentencing, insisting that his attorney raise certain issues, and made an articulate statement to the court before sentence was imposed. We conclude that the record establishes that his waiver was knowing and intelligent.

In his pro se supplemental brief, Guzman further contends that the waiver is unenforceable because, after imposing sentence, the district court told him he had the right to appeal. Here Guzman relies on United States v. Mannigan, 592 F.3d 621 (4th Cir. 2010). However, in Mannigan, the district court failed to address the waiver provision in the plea agreement with the defendant at the Rule 11 proceeding. Similarly, in United States v. Wood, 378 F.3d 342, 349 (4th Cir. 2004), on which Guzman also relies, the district court mischaracterized a material term in the plea agreement at the Rule 11 hearing and the government did not correct it.

By contrast, where the district court addressed the waiver provision at the Rule 11 hearing, but told the defendant after imposing sentence that he could appeal his sentence, the Sixth Circuit held that the waiver was enforceable because the district court lacked the power to modify the plea agreement.

4

See United States v. Fleming, 239 F.3d 761, 764-65 (6th Cir. 2001) (rejecting the holding in United States v. Buchanan, 59 F.3d 914, 917 (9th Cir. 1995), that such a statement from the court created an expectation of the ability to appeal, on which the defendant should be able to rely). We find the reasoning in Fleming persuasive and conclude that Guzman's waiver is enforceable. Therefore, we dismiss his appeal of his conviction and sentence.

The waiver provision excepted claims of ineffective assistance of counsel. Guzman claims that his trial attorney, Jessica Salvini, was ineffective because she (1) promised that he would be held responsible only for the methamphetamine he distributed and would receive a two-year sentence; (2) refused to argue at sentencing that he was not responsible for the methamphetamine and cocaine found in the pickup truck; and (3) failed to tell him that he would be held responsible for the additional drugs. Guzman further claims that his appellate attorney was ineffective in refusing claims he wished to raise relating to his sentence, and made factual errors in the formal brief.

Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Instead, to allow for adequate development of the record, a defendant must bring

5

his claims in a 28 U.S.C.A. § 2255 (West Supp. 2010) motion. Id. However, this court can entertain such claims on direct appeal if the record conclusively establishes ineffective assistance. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). Our review of the record does not establish conclusively that either Guzman's trial or appellate attorney has rendered ineffective assistance.

Finally, Guzman contends that the government breached the plea agreement by agreeing that he would plead guilty only to distribution of the 28 grams of methamphetamine he admitted distributing, then urging the court at sentencing to hold him responsible for the additional methamphetamine and cocaine seized from the truck. He also claims that the government deliberately led the district court to believe, wrongly, that the additional drugs were seized from the vehicle he was riding in at the time he and the others were arrested.

These claims are baseless. The plea agreement stated that Guzman would plead guilty to a charge that he, Lopez and Tejada-Martinez possessed 5 or more grams of methamphetamine with the intent to distribute it. There was no agreement to limit Guzman's responsibility to 28 grams of methamphetamine. At sentencing, the government explained the basis for the recommended base offense level after Guzman's objection. Both defense counsel and the government clarified for the court where

the additional drugs were found.  On this record, we conclude that the government did nothing that breached the plea agreement.

We therefore dismiss Guzman's appeal to the extent that he challenges his conviction and sentence.  With respect to his claims of ineffective assistance and prosecutorial misconduct, we find no error and affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART